UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TROYRON DAVIS GLADNEY,

    Plaintiff,

v.

JEFFRY GETTINGS, JUSTIN WORKMAN,
MICHEAL STEIN, and ALLEN HARBAUGH,

    Defendants.
_____/

Case No. 1:21-cv-64

Hon. Janet T. Neff

**REPORT AND RECOMMENDATION**

This is a civil action brought by *pro se* plaintiff Troyron D. Gladney ("Gladney"). Gladney filed this case in the United States District Court for the Northern District of Indiana. That court transferred the case to the United States District Court of the Western District of Michigan because "the case seems to have arisen from incidents in Kalamazoo, Michigan, and involves defendants who are citizens of Michigan." *See* Orders (ECF Nos. 3 and 4). This matter is now before the Court on defendants' motion to dismiss (ECF No. 19).

    I.    **Gladney's complaint**

On December 18, 2020, Gladney filed a cryptic complaint alleging as follows:

1.    Jeffrey Getting[s] is the chief prosecutor also a Civil Right Complaint Coordinator (CRCC)[.] [H]e discriminated against my sex and also my race and disability[.] [H]e received my Civil Right[s] complaint against [a] member of his of[fice] [and] he refuse[d] to act on my Civil Right complaints.

2.    Micheal Stein refuse[d] to press charges on a white woman who falsely accused me of forceable rape after law enforcement emailed him of their finding of a false report that was filed #2019005909*[.]

3.    Allen Harbaugh refuse[d] to press charges on a white woman who falsely accused me a black man of forceable rape[.] [A]fter law enforcement investigated

> it was determined the white woman lied.  I requested charges for filing a false report Mr. Harbaugh refused #2019005909*.
>
> 4.      Justin Workman conspired to deprive me of my Civil Right[s] also deprivation of my Civil Right[s].  He had kno[w]ledge of a crime of perjury so he dismissed his case [against me] for assaulting a police officer Timothy Miller case #2017001470*
>
> I was a resident of Indiana once the harm was discovered.  Also in addition with the 2017001470 I was charge[d] with resisting arrest with no evidence just testimony from Public safety officer Timothy Millard was [sic] in front of a Judge which constitute[d] perjury [and] Prosecutorial Misconduct[.]

Compl. (ECF No. 1, PageID.2-3).  For his relief, Gladney wants, "Monetary damage punitive damages".  *Id*. at PageID.3.  Attachments to the complaint include a police report from July 30, 2019, in which a female accused Gladney of criminal sexual conduct which occurred about a month prior to the report.  Police Report (ECF No. 1-1, PageID.5-9).

##  II.     Discussion

### A.     Gladney has failed to state a claim

A complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests.  *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true.  *Morgan v. Church's*

2

*Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004). Thus, a complaint based upon "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678.

Here, Gladney's complaint consists of legal conclusions that defendants engaged in wrongful conduct: Kalamazoo County Prosecutor Gettings refused to act on Gladney's civil rights complaint; Assistant Prosecutors Stein and Harbaugh refused to press charges against a woman for falsely accusing Gladney of rape; and Assistant Prosecutor Workman engaged in a conspiracy for dismissing a case [against Gladney] for assaulting a police officer.

Gladney alleged that Prosecutor Gettings discriminated against his sex, race, and disability when Gettings refused to act on a civil rights complaint. Gladney has failed to allege a claim for relief that is plausible on its face. Gladney cites no statutes as the basis for his claims, nor does he allege any facts to support the claims. In short, Gladney's complaint consists of an "unadorned, the - defendant - unlawfully - harmed - me accusation" which is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678.

Gladney's remaining claims appear to be brought pursuant to 42 U.S.C. § 1983, which "provides a civil cause of action for individuals who are deprived of any rights, privileges, or immunities secured by the Constitution or federal laws by those acting under color of state law." *Smith v. City of Salem, Ohio*, 378 F.3d 566, 576 (6th Cir. 2004). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

Gladney did not allege any particular constitutional violation. For purposes of this report, the undersigned will assume that Gladney alleged that Assistant Prosecutors Stein and Harbaugh violated his right to due process by failing to prosecute someone and that Assistant Prosecutor Workman deprived Gladney of his civil rights and engaged in a conspiracy to violate his civil rights. *See Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011) ("A civil conspiracy under § 1983 is an agreement between two or more persons to injure another by unlawful action.") (internal quotation marks omitted).

As an initial matter, all of Gladney's claims against Assistant Prosecutors Stein, Harbaugh, and Workman consist of nothing more than "unadorned, the - defendant[s] - unlawfully - harmed - me accusation[s]" which are insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678.

Next, Gladney alleged that Assistant Prosecutors Stein and Harbaugh violated his civil rights because they did not charge a woman for filing a false police report. Gladney's claim fails because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

Finally, Gladney alleged that Assistant Prosecutor Workman conspired to deprive him of his civil rights by dismissing criminal charges against him.

The standard for proving a § 1983 conspiracy claim was set forth by this court in *Hooks v. Hooks*, 771 F.2d 935 (6th Cir.1985):

> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

4

> *Id* at 943-44. 'It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983.' *Guitierrez v. Lynch*, 826 1534, 1538 (6th Cir. 1987).

*Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003). Gladney's vague and conclusory allegations fail to state a conspiracy claim under § 1983. He alleged no facts to support such a cause of action against Workman, *i.e.*, Gladney did not identify the members of the alleged conspiracy, the conspiratorial objective, or an overt act committed in furtherance of the conspiracy. Furthermore, Gladney alleged no injuries which resulted from the deprivation of civil rights or the conspiracy. On the contrary, Gladney benefited from Workman's dismissal of the criminal charges filed against him. For all of these reasons, defendants' motion to dismiss should be granted.

### B. Prosecutorial immunity

#### 1. Assistant Prosecutors Stein, Harbaugh, and Workman

Defendants also contend that they are entitled to absolute prosecutorial immunity. Gladney alleged that the three assistant prosecutors, Stein, Harbaugh, and Workman, either failed to prosecute a crime or improperly dismissed a criminal prosecution. As assistant prosecutors, these three defendants have absolute prosecutorial immunity for acts which fall within the scope of their roles as advocates for the state.

> "An absolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." *Imbler v. Pachtman*, 424 U.S. 409, 419 n.13, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Absolutely protected acts include those "undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State. . . ." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993). We have employed a "functional approach" to determine whether a prosecutor is entitled to absolute immunity, looking to "the nature of the function performed, not the identity of the actor who performed it" when assessing whether conduct is prosecutorial, and thus absolutely protected. *Id.* at 269, 113 S.Ct. 2606 (citation omitted).

5

*Hall v. City of Williamsburg*, 768 Fed. Appx. 366, 374 (6th Cir. 2019).

"The 'analytical key to prosecutorial immunity . . . is *advocacy* — whether the actions in question are those of an advocate.'" *Stockdale v. Helper*, 979 F.3d 498, 502 (6th Cir. 2020) quoting *Holloway v. Brush*, 220 F.3d 767, 775 (6th Cir. 2000) (emphasis in original).  Here, defendants Stein, Harbaugh, and Workman are entitled to absolute immunity because Gladney's claims against them arise from actions performed within the scope of their prosecutorial duties as advocates preparing for the initiation of judicial proceedings or trial. Stein and Harbough determined not to initiate a criminal proceeding, and Workman decided to dismiss a criminal proceeding before trial.  Accordingly, defendants' motion should be granted on this basis as to defendants Stein, Harbaugh, and Workman.

### 2.     Prosecutor Gettings

Gladney's claim against Kalamazoo County Prosecutor Gettings is less straightforward.  It is unclear whether Gladney's claim involves advocacy or some type of administrative action.  In this regard, "[e]ven when a prosecutor acts in an administrative capacity, not as an advocate, they still enjoy absolute immunity if the act is done in service of an advocacy function." *Stockdale*, 979 F.3d at 502 (internal quotations marks and brackets omitted).  Here, Gladney's complaint is so vague that the Court cannot determine the nature of Prosecutor Gettings' actions, let alone whether those actions fell within the scope of prosecutorial immunity. Based on this record, the Court cannot resolve Gettings' claim of prosecutorial immunity.

### III. RECOMMENDATION

For these reasons, I respectfully recommend that defendants' motion to dismiss (ECF No. 19) be **GRANTED** and that plaintiff's complaint be **DISMISSED with prejudice**.

Dated: February 11, 2022          /s/ Ray Kent
                                   United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).